# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WALTER W. BROOKINS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:16CV192 CEJ |
| TODD RENSHAW, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff, Walter Brookins, (registration no.327485), an inmate at Eastern Reception, Diagnostic and Correctional Center (ERDCC), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $78.81. *See* 28 U.S.C. § 1915(b)(1). Based upon a review of the complaint, the Court finds that plaintiff's claims against defendants would likely survive review under 28 U.S.C. § 1915(e)(2)(B) if plaintiff could name the proper capacity under which he is suing these defendants. As such, plaintiff will be given thirty (30) days to amend his complaint by interlineation.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make

monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $206.25, and an average monthly balance of $394.08. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $78.81, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. ' 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it Alacks an arguable basis in either law or fact.@ *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff=d* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead Aenough facts to state a claim to relief that is plausible on its face.@ *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 to recover damages for alleged violations of his civil rights. Named as defendants are: Todd Renshaw (Assistant Director of Nursing); Victoria L. Reinholdt (Nurse Practitioner); and Rebecca Henson (Director of Nursing).

Plaintiff alleges that each of the defendants violated his rights under the Eighth Amendment by acting with deliberate indifferent to his serious medical needs. Specifically, plaintiff states that after being diagnosed with stomach cancer and undergoing a painful surgery, he was given a colostomy. He was then transferred back to ERDCC and, after only a few days in the prison medical facility, placed back into the general population. Although he was provided a lengthy medical lay-in by the prison doctor, the correctional officers were displeased with plaintiff's use of it. As a result, plaintiff was given conduct violations several times so that the correctional officers could try to challenge his need for the lay-in. Meanwhile, plaintiff's medical condition deteriorated, necessitating another abdominal surgery.

Plaintiff states that the correctional officers tried a "work-around" to get their way after their conduct violations against him were dismissed, and they sought a change in the doctor's lay-in from defendant Nurse Reinholdt. Plaintiff accuses Reinholdt of changing his medical lay-in in direct contravention of what the doctor required prescribed, despite her knowledge of his worsening medical condition. Two weeks after Reinholdt's unilateral change in plaintiff's lay-in, defendant Todd Renshaw changed the wording of the lay-in, requiring more movement from plaintiff and resulting in increased pain.

After plaintiff was unable to comply with the changed terms of the medical lay-ins, he was again given a conduct violation. At the hearing relating to the violation, plaintiff pointed to the original medical lay-in written by the doctor which covered the same time period. Plaintiff claims that the hearing officer decided to disregard the medical lay-in written by the doctor, and

she instead accepted the lay-ins written by defendants Reinholdt and Renshaw. Less than a week later, plaintiff was sent to the hospital for another abdominal surgery.

Plaintiff was released from the hospital and again placed in general population just one day after his abdominal surgery. Within six days of returning from the hospital, plaintiff saw the ERDCC medical doctor who again placed him on a specific lay-in, requiring very little abdominal movement. Plaintiff spoke to the doctor about how the correctional officers wanted to interpret the lay-in and how the nurses wanted to change his lay-in in order to pacify the correctional officers. Plaintiff states that despite the specific wording of the lay-in, defendant Rebecca Henson discontinued it two months prior to its end date without consulting the doctor.

Plaintiff was examined by the doctor approximately two weeks after his lay-in had been canceled by defendant Henson. At that time, the doctor approved plaintiff's medical lay-in for an additional four months as a result of his wound still healing after surgery.

Plaintiff states that defendants have been deliberately indifferent to his serious medical needs by failing to take his actual medical condition into account when determining whether he should be subject to the lay-ins that have been signed and administered by the doctors at ERDCC. In each instance, plaintiff states, the nurse defendants have overridden the medical lay-ins written by the doctors without regard for his actual medical needs, resulting in a worsening of his medical condition, in violation of the Eighth Amendment.

**Discussion**

The plaintiff has failed to allege the capacity in which he is suing each of the three defendants. When a complaint is silent as to the capacity in which a person is being sued, a court must interpret the complaint as including only official-capacity claims. *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming an official in his or her official capacity is the equivalent of naming the

entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Defendants in this case are employees of Corizon, Inc., which provides medical services to prison inmates under a contract with the State of Missouri. *See Rothman v. Lombardi,* 2013 wl 4855301 at *1 (E.D. Mo. 2013).

To state a claim against an defendant in his official capacity, plaintiff must allege that some official policy or custom is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of Corizon, Inc. was responsible for the alleged violations of plaintiff's constitutional rights. Thus, the complaint, as currently written, fails to state a claim upon which relief may be granted.

Nevertheless, the Court is willing to give plaintiff an opportunity to amend his complaint, by interlineation, to state the capacity in which he is suing defendants Renshaw, Reinholdt and Henson. In order to amend his complaint by interlineation, plaintiff need only file a document with the title "Amendment by Interlineation," and state whether he is suing these three defendants in their official capacity or their individual capacity or in both their official and individual capacities. After plaintiff files the "Amendment by Interlineation," the Court will again review plaintiff's claims against defendants to ascertain whether he states a claim against each of them.

Plaintiff will be given thirty days in which to file the "Amendment by Interlineation." If this document is not filed on time, then the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $78.81 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint at this time.

**IT IS FURTHER ORDERED that plaintiff shall file a document with the title "Amendment by Interlineation" within thirty (30) days of the date of this Memorandum and Order, stating the capacity in which he is suing defendants Todd Renshaw, Victoria Reinholdt and Rebecca Henson.**

**IT IS FURTHER ORDERED** that plaintiff's failure to file an amendment by interlineation within thirty (30) days of the date of this Memorandum and Order will result in a dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

*/s/ Carol E. Jackson*
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 19th day of February, 2016.