UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WALTER W. BROOKINS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:16-CV-192 (CEJ) |
| TODD RENSHAW, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants' motion to dismiss for failure to state a claim for relief, pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff has not filed a response in opposition and the time for doing so has elapsed.

Plaintiff Walter W. Brookins is an inmate at the Eastern Reception, Diagnostic and Correctional Center (ERDCC). He alleges that nurses employed at the ERDCC by Corizon Health, Inc., violated his rights under the Eighth Amendment by failing to provide proper medical care. He brings suit pursuant to 42 U.S.C. § 1983 against defendants Corizon Health, director of nursing Todd Renshaw, assistant medical director Rebecca Henson, and nurse practitioner Victoria L. Reinholdt.

### I.   First Amended Complaint [Doc. # 42]

After he was diagnosed with stomach cancer, plaintiff had surgery and was given a colostomy. He was transferred to the ERDCC medical facility for a few days and then was returned to the general population. First Amended Complaint at ¶¶ 6(a), 6b. Dr. Emmanuel A. Afuwape provided a medical lay-in that excused plaintiff from working and from getting up for headcounts between October 27, 2014 and October 27, 2015. ¶ 6(c). Plaintiff alleges that defendants Reinholdt and Renshaw

made unauthorized changes to the prescribed lay-in to require him to sit up during counts. ¶¶ 6(d), 6(e). Dr. Charles Chastain provided a new medical lay-in that was to begin on June 24, 2015. Dr. Chastain noted that plaintiff had "EXTENSIVE PROTRUSION OF COLON SINCE CANCER SURGERY AND HAS TROUBLE RAISING UP TO SIT: NEEDS RECUMBENT FOR COUNT." ¶ 6(f) (emphasis in original). Defendants Reinholdt and Renshaw "continued to unilaterally change the physician's lay-in restrictions." When plaintiff filed a complaint with defendant Henson, she denied the complaint and discontinued Dr. Chastain's lay-in restrictions. ¶ 6(g). Plaintiff received several conduct violations "so that the correctional officers could try to challenge his need for the recumbent medical lay-in restriction." In addition, the correctional officers harassed plaintiff and threatened to write conduct violations for failing to sit up during count, knowing that he was unable to sit without experiencing extreme pain.¶¶ 6(h), 7. Defendant Corizon has a "policy, custom and practice" of changing lay-in restrictions at the request of correctional officers in order to "protect its relationship" with the State of Missouri. ¶ 5. As a result of straining to sit up for headcounts, plaintiff suffered extreme pain and required an additional surgical procedure to correct a prolapse. ¶ 7.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Fed.R.Civ.P. 12(b)(6). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule

12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (stating that a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Scheuer, 416 U.S. at 236. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see id. at 563 (stating that the "no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45–46 (1957), "has earned its retirement"); see also Ashcroft v. Iqbal, 556 U.S. 662, 678–84 (2009) (holding that the pleading standard set forth in Twombly applies to all civil actions). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

### III. Discussion

The Eighth Amendment requires state prison officials to provide inmates with needed medical care. Cullor v. Baldwin, 830 F.3d 830, 836 (8th Cir. 2016) (citation omitted). Prison officials violate the Eighth Amendment when they are "deliberately indifferent" to the "serious medical needs" of inmates. Estelle v. Gamble, 429 U.S. 97, 104 (1976). The deliberate-indifference standard requires "both an objective and subjective analysis." Barton v. Taber, 820 F.3d 958, 964 (8th Cir. 2016) (citations omitted). To meet the objective component of the deliberate-indifference standard, the complaint must plead facts sufficient to demonstrate that plaintiff suffered from an objectively serious medical need. Id. To be objectively serious, a medical need must have been "diagnosed by a physician as requiring treatment" or must be "so obvious that even a layperson would easily recognize the necessity for

a doctor's attention." Jackson v. Buckman, 756 F.3d 1060, 1065 (8th Cir. 2014) (citation omitted). "The subjective component requires a plaintiff to show that the defendant actually knew of, but deliberately disregarded, such need." Vaughn v. Gray, 557 F.3d 904, 908 (8th Cir. 2009). This showing requires a mental state "akin to criminal recklessness." Scott v. Benson, 742 F.3d 335, 340 (8th Cir. 2014) (citation omitted). Defendants argue that plaintiff has failed to adequately plead either prong of the deliberate-indifference standard.

The existence of an objectively serious medical need is determined based on "attendant circumstances." Barton, 820 F.3d at 965. Plaintiff pleads that he had surgery resulting in a colostomy, that two physicians specifically restricted him from sitting up for count, that he suffered extreme pain by straining to sit up for the count, and that after being required to sit for counts he required additional surgery to address a prolapse. The attendant circumstances as pleaded in the complaint are sufficient to establish the existence of an objectively serious medical need.

With respect to the subjective prong, plaintiff alleges that defendants rescinded two medically-ordered restrictions on his activities at the request of correctional officers. A decision to alter medical care for non-medical purposes amounts to more than negligence or an inadvertent failure to provide adequate medical care. Indeed, the constitutional obligation to provide medical care to those in custody may be violated when officials "intentionally deny[ ] or delay[ ] access to medical care or intentionally interfer[e] with the treatment once prescribed." Dadd v. Anoka Cty., 827 F.3d 749, 756 (8th Cir. 2016) (quoting Estelle, 429 U.S. at 104-05) (emphasis added). Accepting the truth of plaintiff's allegations and viewing the

4

facts in the light most favorable to plaintiff, the Court concludes that he has adequately stated a claim that defendants violated his Eighth Amendment rights.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss for failure to state a claim [Doc. # 44] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 17th day of April, 2017.