IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WALTER W. BROOKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:16-CV-00192-JAR |
| ) | |
| TODD RENSHAW, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S MOTION TO EXCLUDE DEFENDANTS' EXPERT WITNESS**

COMES NOW Plaintiff Walter Brookins ("Plaintiff"), through counsel, and for his Motion to Exclude Defendants' Expert Witness, states:

1. This matter involves significant personal injuries Plaintiff received while incarcerated at the Eastern Reception Diagnostic and Correctional Center ("ERDCC") in Bonne Terre, Missouri as a result of Defendants' wanton, willful, and reckless disregard for Plaintiff's well-being.

2. Counsel for Plaintiff was appointed on April 18, 2017 pursuant to the Plan for the Appointment of Pro Bono Counsel.

3. The discovery deadline has been moved multiple times in the course of this lawsuit and was recently moved pursuant to Plaintiff's Motion to Compel Discovery. The Court extended the Discovery Deadline to December 28, 2017. This was done to allow Defendant Corizon, LLC time to provide new answers to Plaintiff's Interrogatory Requests.

4. On December 5, 2017, Defendants disclosed for the first time the existence of their expert witness. Plaintiff received the Expert Report on December 15, 2017.

5. On December 6, 2017, Counsel for Plaintiff called Counsel for Defendants to discuss the untimely disclosure of Defendants' expert witness.

6. Defendants should not be allowed to use the Discovery deadline extension they were given due to their failure to properly respond to discovery requests to now introduce an expert witness.

7. Defendants are also seeking to have the expert witness testify on impermissible topics such as the ultimate issue of guilt and to determine the credibility of witnesses and the evidence.

8. Plaintiff has been prejudiced by this untimely disclosure of Defendants' expert witness.  Plaintiff will have his day in court further delayed in order to accommodate the additional discovery that will now need to be completed if Defendants are allowed to use the testimony of an expert witness.  This will include moving the close of Discovery and Summary Judgment deadlines.

WHEREFORE Plaintiff prays for an Order excluding the expert report and expert testimony of Defendants' expert witness.

Dated: December 20, 2017		Respectfully submitted,

SENNIGER POWERS LLP

By: /s/ *Micah Uptegrove*
    Keith A. Rabenberg, #35616MO
    Micah T. Uptegrove, #69401MO
    100 North Broadway
    17th Floor
    St. Louis, MO 63102
    (314) 345-7000
    (314) 345-7600 Fax
    krabenberg@senniger.com
    muptegrove@senniger.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that, on December 20, 2017, the above was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

J. Thaddeus Eckenrode, #31080
Kevin K. Peek, #67440
Eckenrode-Maupin, Attorneys at Law
11477 Olde Cabin Rd., Ste. 110
St. Louis, MO 63141
(314) 726-6670
(314) 726-2106 Fax
jte@eckenrode-law.com
kkp@eckenrode-law.com

*Attorneys for Defendants Todd Renshaw, Victoria Reinholdt, Rebecca Henson, and Corizon, LLC*

                                                                /s/ *Micah Uptegrove*