IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WALTER W. BROOKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-CV-00192-JAR |
| | ) | |
| TODD RENSHAW, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION TO EXCLUDE
DEFENDANTS' EXPERT WITNESS**

I.  **INTRODUCTION**

On November 21, 2017 this Court extended the Discovery deadline in this case to December 28, 2017 in order to give Defendant Corizon, LLC time to serve new Interrogatory Answers.  (Doc. No. 67)  The Defendants used this Discovery extension to retain an expert witness, Dr. Kennon Tubbs.  The Defendants disclosed this expert witness on December 5, 2017 and served the expert report on December 15, 2017.  Counsel for Plaintiff Walter Brookins ("Plaintiff") contacted Counsel for Defendants to notify them that the disclosure of the expert was untimely.  The disclosure of Dr. Tubbs is untimely and Dr. Tubbs has been retained to testify on impermissible topics.  Dr. Tubbs' expert report is attached as Exhibit A.  Dr. Tubbs should not be allowed to testify in this case and his expert report should be excluded.

II.  **FACTS**

The following is a chronological recitation of the relevant events that have occurred during litigation in this case:

1.  Plaintiff filed his *pro se* Complaint on February 12, 2016.  (Doc. No. 1)

2. The first Case Management Order was entered on May 12, 2016, scheduling the close of discovery on October 3, 2016. (Doc. No. 22)

3. Plaintiff's original Pro Bono counsel was appointed on September 19, 2016. (Doc. No. 35)

4. On November 14, 2016, the Court scheduled a jury trial for February 6, 2017. (Doc. No. 38)

5. On November 15, 2016, Defendants requested a modification of the Case Management Order (Doc. No. 39), which this Court granted setting the close of Discovery on March 13, 2017. (Doc. No. 40)

6. Plaintiff's original Pro Bono counsel added Defendant Corizon to the lawsuit when he filed Plaintiff's First Amended Complaint on January 1, 2017. (Doc. No. 42)

7. Defendant Corizon failed to answer this Complaint. Defendants Reinholdt, Renshaw, and Henson also never filed an Answer to Plaintiff's First Amended Complaint.

8. This Court terminated Plaintiff's original Pro Bono counsel on April 17, 2017 for failing to respond to a dispositive motion and cooperate in discovery. (Doc. No. 49)

9. The Court appointed Plaintiff's present Pro Bono counsel on April 17, 2017. (Doc. No. 50)

10. On June 2, 2017, this Court entered an Amended Case Management Order setting the close of discovery on September 29, 2017. (Doc. No. 54)

11. Plaintiff filed his Second Amended Complaint on June 30, 2017. (Doc. No. 56)

12. Plaintiff served his Interrogatory Requests and Requests for Production on all Defendants on July 17, 2017.

13. On September 14, 2017, the Parties jointly requested the Court to amend the Case Management Order to extend the close of Discovery to November 28, 2017. (Doc. No. 59)

14. Defendants Reinholdt, Renshaw, and Henson served their Interrogatory Responses on September 18, 2017, a month after they were due.

15. Defendants did not respond to Plaintiff's Production Requests until October 30, 2017, over two months after they were due.

16. Defendant Corizon did not respond to Plaintiff's Interrogatory Requests until November 10, 2017, almost three months after they were due.

17. On November 21, 2017, this Court, based on Plaintiff's Motion to Compel, moved the close of Discovery to December 28, 2017, to allow Defendants time to meet their discovery obligations. (Doc. No. 67)

18. On December 5, 2017, Defendants disclosed for the first time that they would be using an expert witness. This was fourteen months after the first discovery deadline in this case and over two months after the discovery deadline this Court put in place after appointing the undersigned counsel.

19. Despite Plaintiff's numerous attempts to schedule a Rule 30(b)(6) Deposition of Corizon, Corizon has refused to make a witness available. On December 6, 2017 Counsel for Defendants indicated that Corizon cannot make a witness available until after the close of this Court's extended December 28, 2017 Discovery deadline.

20. On December 6, 2017, Counsel for Plaintiff called Counsel for Defendants to discuss the untimely disclosure of the expert witness. Counsel for Plaintiff notified Defendants that they were currently planning on filing a motion to exclude the expert witness. Counsel for Defendants indicated that Plaintiff should receive the expert report on December 8, 2017.

3

21.     Plaintiff did not receive Defendants' expert report until December 15, 2017.

### III.  ARGUMENT

This lawsuit was filed almost two years ago and still does not have a trial date.  While Defendants are not responsible for all of the delays that occurred at the beginning of this case, they have been responsible for the delays since the Court appointed Plaintiff's current Pro Bono.  Defendants have delayed the progression of this case in multiple instances, including by failing to respond to *any* of Plaintiff's Discovery requests within the allotted time.  Defendants still have not made a Rule 30(b)(6) representative of Corizon available to be deposed and have indicated they cannot do so within the Court's newest Discovery extension.  The Discovery deadline has recently been extended to allow Defendants time to meet their preexisting discovery obligations.  Defendants should not be permitted to use the extension of the Discovery deadline, based on Defendants' own bad behavior to introduce a previously undisclosed expert witness.

The late disclosure of Defendants' expert will unduly prejudice Plaintiff in that it will further delay his day in court.  Plaintiff will now have to depose Defendants' expert in Utah and determine if Plaintiff needs to retain a rebuttal expert.  If Defendants are allowed to disclose an expert at this late hour, the Discovery and Summary Judgment deadlines will likely have to be moved once again, further delaying Plaintiff his day in court—a day that was originally scheduled for February 6, 2017.

Additionally, Defendants are attempting to introduce expert testimony on impermissible topics.  Rule 702 allows an expert to testify based on his specialized knowledge if it "will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702.  "However, 'an expert may not go so far as to usurp the exclusive function of the jury to weigh the evidence and determine credibility . . . . Nor may an expert pass judgment on a witness'

4

truthfulness in the guise of a professional opinion.'" *Norman v. Marten Transp., Ltd.*, No. 4:08-cv-01695 AGF, 2011 U.S. Dist. LEXIS 78765, at *10 (E.D. Mo. July 20, 2011) *quoting Westcott v. Crinklaw*, 68 F.3d 1073, 1076 (8th Cir. 1995) (internal quotations and citations omitted). Dr. Tubbs' expert report includes multiple instances on which he determines the credibility of witnesses. Dr. Tubbs opines that "Mr. Brookins [sic] pain complaints are not substantiated in the medical record." Exhibit A at 5. Dr. Tubbs never examined Mr. Brookins or interviewed any of the pertinent medical personnel. This is a clear example of Dr. Tubbs reviewing Mr. Brookins' testimony and weighing it against other evidence to determine credibility. Dr. Tubbs then determines that Mr. Brookins was not being truthful and attempts to pass that off "in the guise of a professional opinion." *See Norman,* 2011 U.S. Dist. LEXIS 78765, at *10. That is impermissible expert testimony.

Dr. Tubbs also stated he found "no merit in the claims or statements made in the petition by Mr. Brookins." Exhibit A at 6. Dr. Tubbs reached this conclusion, in part, by determining Defendant Reinholdt's testimony was credible when she testified that she told Mr. Brookins he could go to the infirmary if he could not sit up. Exhibit A at 5. This is despite testimony from Mr. Brookins that he was not given this option. Brookins Deposition 53:2-4. Despite experts not being allowed to weigh the evidence and determine credibility, that appears to be the purpose of Dr. Tubbs' expert report.

Dr. Tubbs also provides testimony regarding the ultimate issue in the case. For instance, Dr. Tubbs opines that "[t]he care provided was competent and consistent with the National Committee on Correctional Health care standards." Exhibit A at 6. This improperly usurps the jury's job to determine guilt or innocence. "[E]xpert testimony not only is unnecessary but indeed may properly be excluded in the discretion of the trial judge if all the primary facts can be

5

accurately and intelligibly described to the jury, and if they, as men of common understanding, are as capable of comprehending the primary facts and of drawing correct conclusions from them as are witnesses possessed of special or peculiar training, experience, or observation in respect of the subject under investigation." *Lipp v. Ginger C, L.L.C.*, No. 2:15-cv-04257-NKL, 2017 U.S. Dist. LEXIS 7413, at *7-8 (W.D. Mo. Jan. 19, 2017) *quoting Salem v. U.S. Lines Co.*, 370 U.S. 31, 35 (1962) (internal citations and quotations omitted).  It is the job of the jury in this case to view all facts and draw the correct conclusions from them.  There is nothing special about this case that would prevent the jury from comprehending the facts at issue and drawing correct conclusions without the need for Dr. Tubbs' testimony.  This type of expert testimony is impermissible and should be excluded.

## IV.    CONCLUSION

For the reasons discussed above, the Court should exclude the testimony and expert report of Defendants' expert witness.

Dated: December 20, 2017               Respectfully submitted,

SENNIGER POWERS LLP

By: /s/ *Micah Uptegrove*
     Keith A. Rabenberg, #35616MO
     Micah T. Uptegrove, #69401MO
     100 North Broadway
     17th Floor
     St. Louis, MO 63102
     (314) 345-7000
     (314) 345-7600 Fax
     krabenberg@senniger.com
     muptegrove@senniger.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on December 20, 2017, the above was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

J. Thaddeus Eckenrode, #31080
Kevin K. Peek, #67440
Eckenrode-Maupin, Attorneys at Law
11477 Olde Cabin Rd., Ste. 110
St. Louis, MO 63141
(314) 726-6670
(314) 726-2106 Fax
jte@eckenrode-law.com
kkp@eckenrode-law.com

*Attorneys for Defendants Todd Renshaw,
Victoria Reinholdt, Rebecca Henson, and
Corizon, LLC*

/s/ *Micah Uptegrove*