**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

WALTER W. BROOKINS,                  )
                                     )
      Plaintiff,                    )
                                     )
v.                                   )     Case No. 4:16-CV-00192 JAR
                                     )
CORIZON, LLC, et al.,                )
                                     )
      Defendants.                   )

<u>**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**</u>

COME NOW Defendants, Corizon, LLC, Victoria Reinholdt, Todd Renshaw, and Rebecca Henson, by and through undersigned counsel, and for their Motion for Summary Judgment, hereby state as follows:

1.      Through his Complaint (Doc. #1) filed on February 12, 2016, Plaintiff brought this suit alleging a violation of his Eighth Amendment rights in the form of deliberate indifference to his medical condition.

2.      In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.  It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251, 261, 1976 U.S. LEXIS 175, *15 (U.S. 1976).

3.      An Eighth Amendment claim that prison officials were deliberately indifferent to the medical needs of inmates involves both an objective and a subjective component. *Dulany v. Carnahan*, 132 F.3d 1234, 1239, 1997 U.S. App. LEXIS 36405, *11-12 (8th Cir. Mo. 1997). The plaintiff must demonstrate (1) that he suffered objectively serious medical needs and (2) that

3529.53

the prison officials actually knew of but deliberately disregarded those needs. *Id.*  Plaintiff has failed to satisfy both requirements.

4.      In the State of Missouri, under RSMo. §538.225, any action against a health care provider for damages for personal injury on account of the rendering of or failure to render health care services, the plaintiff shall file an affidavit with the court stating that he has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition, which Plaintiff has failed to do in this matter within the 180 day maximum deadline allowed by the same statute.

5.      These Defendants move, with support from their Statement of Uncontroverted Material Facts, Suggestions in Support, and all supporting Exhibits filed under seal filed simultaneously herewith, that no material facts are in dispute and judgment should be granted in favor of these Defendants.

WHEREFORE, Defendants pray that this Honorable Court grant summary judgment in favor of Defendants, and for all other relief that this Court may deem just and proper.

Respectfully submitted,

*/s/ J. Thaddeus Eckenrode*
J. Thaddeus Eckenrode, MoBar #31080
Kevin K. Peek, MoBar #67440
ECKENRODE-MAUPIN, Attorneys at Law
11477 Olde Cabin Rd., Ste. 110
St. Louis, MO 63141
(314) 726-6670 (Telephone)
(314) 726-2106 (Fax)
jte@eckenrode-law.com
kkp@eckenrode-law.com
*Attorneys for Defendants Todd Renshaw,*
*Victoria Reinholdt, Rebecca Henson, and*
*Corizon, LLC.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via electronic mail on this 12th day of February, 2018 to the following:

**Keith Rabenberg**
**Micah Uptegrove**
Senniger Powers, LLP
100 N. Broadway, 17th Floor
St. Louis, MO 63102
krabenberg@senniger.com
muptegrove@senniger.com
*Attorneys for Plaintiff.*

*/s/ Paige McNary*

3529.53