IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WALTER W. BROOKINS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. 4:16-CV-00192 JAR |
| | ) |
| CORIZON, LLC, et al., | ) |
| | ) |
|     Defendants. | ) |

## DEFENDANTS' SUGGESTIONS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

COME NOW Defendants, Corizon, LLC, Victoria Reinholdt, Todd Renshaw, and Rebecca Henson, by and through undersigned counsel, and for their Suggestions in Support of their Motion for Summary Judgment, hereby state as follows:

### Facts

During the time period as alleged in Plaintiff's Second Amended Complaint (Doc. #56), Plaintiff was confined at the Eastern Reception Diagnostic and Correctional Center ("ERDCC"). Defendants' Statement of Uncontroverted Material Facts ("Facts"), Paragraph 1. Defendant Corizon, LLC, a private company contracted with the Missouri Department of Corrections ("MDOC") to provide medical care to offenders housed within the facilities of the MDOC, employed Defendants Todd Renshaw, Victoria Reinholdt, and Rebecca Henson at all times relevant to this matter. Facts, Paragraphs 2-5. Due to some discomfort reported by Plaintiff from his colostomy, Plaintiff was given a lay-in to lie down during the "Count" performed by correctional officers four times a day. Facts, Paragraph 12. Based on later assessments by Corizon providers, including Defendant Reinholdt, Plaintiff's lay-in was changed to allow him to sit-up during Count, rather than stand. Facts, Paragraph 29. Defendant Renshaw, at the direction

1

of a Corizon provider, similarly entered a lay-in several months later for Plaintiff to be able to sit down during Count, rather than stand.  Facts, Paragraph 40.  Plaintiff filed an IRR as part of the grievance procedure in the prison due to his belief that Defendant Renshaw changed the lay-in without permission from a Corizon provider (i.e., a doctor or nurse practitioner).  Facts, Paragraph 42.  Defendant Henson investigated the IRR and, after discussion with a Corizon physician, determined that the lay-in requiring Plaintiff to sit-up, rather stand or lie down, for Count was appropriate. Facts, Paragraph 51.  There was no medical indication that Plaintiff could not sit up for Count.  Facts, Paragraphs 52-56.  Defendant Corizon does not have a policy or procedure that violates Plaintiff's constitutional rights.  Further, the individual Defendants did not act in violation of Plaintiff's constitutional rights.  Therefore, summary judgment should be granted in favor of the Defendants.

## **Argument**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered against a party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed.R.Civ.P. 56(c).  The movant bears the burden of establishing both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c); *Celotex Corp.,* 477 U.S. at 323; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Once the movant has met its burden, the nonmoving party may not rest on the allegations in its pleading alone, but must set forth evidence and specific facts showing a genuine issue of material fact exists on each element of its

claim. Fed.R.Civ.P. 56(c); *see also Matsushita,* 475 U.S. at 586 (stating the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts").

In actions by prison inmates against prison officials for deliberate indifference under 42 U.S.C. Section 1983, it must be proven that: the plaintiff suffered from objectively serious medical needs; the defendant knew of the condition; and the defendant deliberately disregarded the complaint. *Kitchen v. Miller*, 343 F.Supp.2d 820, 823 (E.D. Mo. 2004); and *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). The absence of proof for any one of these three elements is dispositive in an action for deliberate indifference under Section 1983. However, Plaintiff has failed to prove each of these elements.

To support a claim of deliberate indifference under 42 U.S.C. Section 1983, "[a] prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Circ. 1995).* A medical decision not to order a particular course of treatment or testing does not represent cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Likewise, mere displeasure with a course of medical treatment is not sufficient to rise to a constitutional violation. *Kitchen v. Miller*, 343 F.Supp.2d at 823. It has been held that prisoners do not have a constitutional right to any particular type of treatment. *Long v. Nix*, 86 F.3d 761, 765 (8th Circ. 1996).

In a medical malpractice case, where proof of causation requires a certain degree of expertise, the plaintiff must present expert testimony to establish such causation based upon a reasonable degree of medical certainty. *Watson v. Tenet Healthsystem SL, Inc.*, 304 S.W.3d 236, 240 (Mo.App. E.D. 2009). Further, standard of care in a medical negligence case must be

3

introduced by expert testimony**.**  *Dine v. Williams*, 830 S.W.2d 453, 456 (Mo.App. W.D. 1992).  Plaintiff has failed to prove the elements of his claims as set forth above and as presented below.

Plaintiff received continuous monitoring and treatment for his complaints.  Given this continuous course of monitoring and treatment, Corizon and its medical personnel did <u>not</u> deliberately disregarded Plaintiff's complaints.  Rather, Plaintiff disagreed with the medical judgment of and the course of treatment prescribed and rendered by Corizon's medical personnel.  Corizon was not deliberately indifferent to Plaintiff's medical needs.

At no time was Plaintiff's life in danger nor was there any serious risk to his health.

Defendant Corizon, LLC

Plaintiff made broad allegations with no supporting evidence or facts.  Plaintiff indicates his belief that Corizon practices an unconstitutional policy or custom by forcing Plaintiff to stand up for Count when he is physically unable to do so.  While Count is not a Corizon policy, but is instead a requirement and process performed by MDOC through its correctional officers, Corizon offers offenders who are unable to get up from a supine position a bed in the infirmary, where they are not required to stand up for Count.  However, Plaintiff turned down an offer to go to the infirmary simply because he would not be allowed to smoke.  Smoking was an activity he participated in daily, while sitting up in his wheelchair.  There is a clear contradiction in Plaintiff's allegations and factual claims.  Plaintiff has failed to establish any facts or evidence that show that Corizon practices an unconstitutional policy or custom other than bald assertions.

Defendant Victoria Reinholdt

Plaintiff makes similarly unsupported allegations against Defendant Victoria Reinholdt, a nurse practitioner employed by Corizon at the times relevant to this matter.  Defendant Reinholdt properly assessed Plaintiff on more than one occasion and determined that he was safely able to

sit-up on many other occasions.  Therefore, there was no medical indication that he was unable to sit-up for count.  Even if Plaintiff's allegations against Defendant Reinholdt are true, they would only support a negligence claim, and certainly do not set forth a legitimate claim for deliberate indifference.  Further, Plaintiff asserts, again without facts or evidence, that defendant's actions have resulted in permanent damage to offenders' health or even death.  Neither assertion is supported.  Wherefore, Plaintiff has failed to state a claim of relief or factually supported allegations against Defendant Reinholdt.

### Defendant Todd Renshaw

Plaintiff makes similarly unsupported allegations against Defendant Todd Renshaw, the Director of Nursing at ERDCC employed by Corizon at the times relevant to this matter.  Defendant Renshaw changed the lay-in order at the direction of a Corizon physician, Dr. Chastain, as set for in the Facts. Contrary to Plaintiff's allegations, Defendant Renshaw did not change any lay-in without permission from a Corizon physician or nurse practitioner.  Again, there was no medical indication that Plaintiff was unable to sit-up for count.  Even if Plaintiff's allegations against Defendant Renshaw are true, they would only support a negligence claim, and certainly do not set forth a legitimate claim for deliberate indifference.  Further, Plaintiff asserts, again without facts or evidence, that defendant's actions have resulted in permanent damage to offenders' health or even death.  Neither assertion is supported.  Wherefore, Plaintiff has failed to state a claim of relief or factually supported allegations against Defendant Renshaw.

### Defendant Rebecca Henson

Finally, Plaintiff makes similarly unsupported allegations against Defendant Rebecca Henson, who was a Director of Nursing at ERDCC employed by Corizon at the times relevant to this matter.  Defendant Henson interviewed Plaintiff after Plaintiff filed an informal resolution

request against Defendant Renshaw for inappropriately changing a lay-in order.  After noting multiple eyewitness accounts of seeing Plaintiff walking and sitting up on his own, and after a discussion with Corizon physician Dr. Chastain, Defendant Henson determined that Plaintiff was safely able to sit-up for Count.  Therefore, there was no medical indication that he was unable to sit-up for count.  Plaintiff's allegations, along with the facts as set forth in the Facts and support exhibits, do not support a claim of deliberate indifference.  Further, Plaintiff asserts, again without facts or evidence, that defendant's actions have resulted in permanent damage to offenders' health or even death.  Neither assertion is supported.  Wherefore, Plaintiff has failed to state a claim of relief or factually supported allegations against Defendant Henson.

## Conclusion

Plaintiff's allegations of deliberate indifference are unsupported by the uncontroverted and materials facts as presented.  Based upon the above facts, reasons, and cited authorities, Corizon's medical personnel did not deliberately disregard Plaintiff's medical needs and, therefore, were not deliberately indifferent thereto.  Further, at no time was Plaintiff's life in danger or was there any serious risk to his health.

As there are no material facts in dispute and Plaintiff's allegations of deliberate indifference are unsupported, Defendants are entitled to a judgment as a matter of law.

WHEREFORE, Defendants pray that this Honorable Court grant summary judgment in favor of Defendants, and for all other relief that this Court may deem just and proper.

        Respectfully submitted,

        */s/ J. Thaddeus Eckenrode*
        J. Thaddeus Eckenrode, MoBar #31080
        Kevin K. Peek, MoBar #67440
        ECKENRODE-MAUPIN, Attorneys at Law
        11477 Olde Cabin Rd., Ste. 110
        St. Louis, MO 63141
        (314) 726-6670 (Telephone)
        (314) 726-2106 (Fax)
        jte@eckenrode-law.com
        kkp@eckenrode-law.com
        *Attorneys for Defendants Todd Renshaw,*
        *Victoria Reinholdt, Rebecca Henson, and*
        *Corizon, LLC.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via electronic mail on this 12th day of February, 2018 to the following:

**Keith Rabenberg**
**Micah Uptegrove**
Senniger Powers, LLP
100 N. Broadway, 17th Floor
St. Louis, MO 63102
krabenberg@senniger.com
muptegrove@senniger.com
*Attorneys for Plaintiff.*

        */s/ Janice Gallaher*